**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ronald Moynihan, | No. CV-06-0467-PHX-FJM |
| Plaintiff, | **ORDER** |
| vs. | |
| Joseph Arpaio, et al., | |
| Defendants. | |

Plaintiff filed this action pursuant to 42 U.S.C. § 1983, claiming that the conditions of his confinement at the Maricopa County Towers Jail facility violated his constitutional rights. Specifically, he contends that his First Amendment right to free exercise of religion was violated by defendants' failure to provide him with a vegetarian diet, and his Eighth Amendment right was violated by defendants' failure to provide adequate medical care. The court now has before it defendants Gonzalez, Price and Reddy's motion to dismiss (doc. 22) and defendant Maricopa County Correctional Health Services' motion to dismiss (doc. 25), plaintiff's responses (docs. 29, 30), and defendants' reply (doc. 32).

Defendants move the court to dismiss this action pursuant to Rule 12(b), Fed. R. Civ. P., for plaintiff's failure to exhaust administrative remedies. The Prison Litigation Reform Act of 1996, 42 U.S.C. § 1997e, provides that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner . . . until such administrative remedies

1  as are available are exhausted." It is well established that the exhaustion provisions of 42
2  U.S.C. § 1997e are mandatory. <u>Booth v. Churner</u>, 532 U.S. 731, 740, 121 S. Ct. 1819, 1825
3  (2001).

4         Maricopa County Sheriff's Office ("MCSO") policy number DJ-3 provides for a multi-
5  tiered administrative review process for grievances. First, an inmate must submit a grievance
6  form to a detention officer. An unresolved grievance then advances to the shift supervisor,
7  a hearing officer, and then to the jail commander. If the issue is not resolved by the jail
8  commander, the inmate may then file an external grievance appeal, which is forwarded to an
9  external referee. The decision of the external referee concludes the MCSO formal grievance
10 procedure and results in the exhaustion of administrative remedies. According to MCSO
11 records, plaintiff did not file any external grievance appeals before filing the present
12 complaint.

13        Plaintiff acknowledges that he has not exhausted his administrative remedies, but
14 asserts that MCSO staff prevented him from doing so by refusing to provide him with
15 grievance and inmate request forms and by refusing to accept his completed forms. He
16 supports his claims by proffering, among other things, fourteen grievance and inmate request
17 forms which he completed between January 10 and February 3, 2006. His claim that he
18 "never received any requested forms from these detention officers," <u>Plaintiff's Declaration</u>
19 ¶ 8, is simply not plausible in light of the numerous forms he submitted to this court.

20        Moreover, plaintiff's argument that MCSO officers' refusal to accept his completed
21 forms prevented him from exhausting his administrative remedies is belied by the receiving
22 officers' signatures on many of the completed forms. <u>See</u> <u>Plaintiff's Response</u>, Exhibits 5,
23 6, 7, 8, 9, 10, 11, 13, 14. Although he claims that on January 27, 2006, defendants Price and
24 Gonzalez refused his requests for forms, <u>id.</u>, Exhibit <u>Journal Entries</u> – January 27, 2006, the
25 record shows that plaintiff in fact completed three inmate request forms and two grievance
26 forms on January 27, 2006 alone. <u>Id.</u>, Exhibits 1, 2, 3, 4, 6. One of the January 27th
27 grievances, although not signed by a detention officer, nevertheless continued through the
28 administrative process and was signed by the shift supervisor on February 1, 2006, and by

1  a hearing officer on February 6, 2006.  Id., Exhibit 6.  Plaintiff offers no explanation for his
2  failure to pursue this grievance through the next step–the external grievance appeal.

3        In support of their motions, defendants submit the affidavit of Susan Fisher, a hearing
4  officer for inmate discipline and grievances, attesting that according to sheriff's office
5  records, plaintiff did not file any external appeals.  She also attests that during the same
6  period of time that plaintiff was confined in the Towers Jail, there were 1,062 grievances
7  filed by other inmates.  Defendants further argue that all of the documents that plaintiff
8  actually filed and submitted to this court are documents that he would have received from the
9  same detention officers whom he alleges refused to provide him with forms.

10       In light of the foregoing, we conclude that defendants have adequately established that
11 administrative procedures were available to plaintiff and that he failed to exhaust them.
12 Accordingly, we grant the defendants' motions to dismiss (docs. 22, 25).  We also conclude
13 that Correctional Health Services is a non-jural entity and is therefore not amenable to suit
14 under § 1983.  Any action challenging a county policy must be brought against the county
15 itself and not against an administrative subdivision of the county.  CHS's motion to dismiss
16 is granted on this alternative basis.

17       Therefore, **IT IS ORDERED GRANTING** defendants Gonzalez, Price and Reddy's
18 motion to dismiss (doc. 22).  **IT IS FURTHER ORDERED GRANTING** defendant
19 Maricopa County Correctional Health Services' motion to dismiss (doc. 25).

20       DATED this 6th day of April, 2007.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge

- 3 -